BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

LAURA VARTAIN HORN (CABN 258485)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6831
    Laura.Vartain@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BOBBY NAPIER,<br><br>    Defendant. | CASE NO 14-00337 CRB<br><br>UNITED STATES' REPLY TO DEFENDANT'S SENTENCING MEMORANDUM<br><br>Hearing Date: June 20, 2017<br>Court:        The Honorable Charles R. Breyer<br>Time:        1:30 PM |

    The government opposes defendant's request (1) for a continuance of his sentencing date so that he can obtain plea agreements from other cases, and (2) for an order that the government produce sealed plea agreements.

    In his Sentencing Memorandum, defendant requests a continuance of the sentencing date so that "he can obtain the plea agreements for similarly situated defendants in other 'airport' cases, and that the government, pursuant to discovery requirements of Fed. R. Crim. P. 16 and *Brady*, be ordered to produce all plea agreements for 'airport' defendants to Mr. Napier's counsel." Dkt. 57 at 1-2. Defendant contends that the Court should order the government to provide the plea agreements so that he can make arguments regarding sentencing disparities. *Id.* at 6.

    As background, in addition to this case, this Court is presiding over cases in which TSA agents

allowed drugs to pass through security. These cases are: (1) *United States v. Ramirez, Sunux, and Lopez* (15-567 CRB), (2) *United States v. Scott, Scott, and Castaneda* (15-514 CRB), and (3) *United States v. Beckham* (16-175 CRB). Defendant Napier is the first defendant set for sentencing in the cases before this Court. In addition, the Honorable Judge Tigar sentenced a TSA defendant who smuggled marijuana to 21 months in prison in *USA v. Clark*, (15-581 JST).

Many of the plea agreements in the above cases are sealed. Those that are not sealed are publicly available through the Clerk's Office and the government has provided them to defendant.[1] To date, in the above cases, the court has sentenced only one defendant. Judge Tigar sentenced defendant Clark to 21 months in prison for smuggling marijuana.

The Court should not order the government to provide the sealed plea agreements, and should not continue the sentencing date.

First, plea agreements from defendants in other "airport" cases do not advance any argument under 18 U.S.C. § 3553(a)(6). The plea agreements, sealed and unsealed, do not give rise to a sentencing disparity argument, particularly in cases where sentencing has not happened.

Second, even if the plea agreements were relevant or discoverable, defendant waived his right to discovery in his plea agreement. Dkt. 49 ¶ 3.

For these reasons, the Court should not continue the sentencing date or order the government to produce sealed plea agreements.

Dated: June 16, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

_____/s/_____
LAURA VARTAIN HORN
Assistant United States Attorney

---

[1] The government will not provide copies of the sealed plea agreements.

UNITED STATES' REPLY
14-00337 CRB